UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

          Plaintiff,

    v.                                     CAUSE NO. 3:21-CV-367 DRL-MGG

STOLL and MCF,

          Defendants.

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint, alleging several acts of unfair treatment by a prison counselor. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Chambers alleges that Counselor Stoll started threatening him to ensure that he didn't tell anyone that he had seen her kiss another inmate. He says her threats escalated to action: she allegedly gave him a conduct report so that he would get kicked out of the RWI program, broke two of his fingers in his slot, and got him transferred to a dorm with inmates he had gotten into fights with in the past.

The Constitution doesn't protect against all bad acts in prison. The only act described in the complaint that rises to the level of a constitutional violation is when Counselor Stoll allegedly broke Mr. Chamber's fingers. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Although the complaint is sparse on details surrounding the injury, it is a reasonable inference at the pleading stage that Counselor Stoll broke his fingers maliciously and sadistically and not in a good faith effort to maintain order.

As for the other allegations, they do not describe a constitutional violation. Mr. Chambers has no right to participate in the RWI Program. *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982); *Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1995) (no liberty or property interest in educational programs). "There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000) (citation omitted). Consequently, "the denial of access to [these] programs does not infringe on a protected liberty interest." *Id.* Therefore, federal courts do not get involved with decisions about who participates in prison programs, as long as the reasons for who participates do not infringe upon another provision of the Constitution. And the reason for Counselor Stoll's actions—to cover up her own bad

2

acts—does not amount to discrimination based on prohibited factors, nor is there any protected First Amendment activity alleged here. Even a false disciplinary charge, on its own, does not state a constitutional claim. "Falsifying a disciplinary charge [does] not give rise to liability for unconstitutional retaliation unless the motive for the fabrication was to retaliate for the exercise of a constitutional right." *Perotti v. Quinones*, 488 F. Appx. 141, 146 (7th Cir. 2012) (*citing Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006)).

Placing Mr. Chambers in a dorm with offenders he has fought with in the past also does not state a constitutional claim. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim for failure to protect, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Here, the allegations in the complaint are too vague to plausibly meet this high standard. Mr. Chambers does not give specific information about the inmates who are a threat to him or whether that threat is ongoing. Nor does he detail how Counselor Stoll was aware of the past history or, more important, any ongoing threat to him. General statements that a prisoner fears being attacked, or wants to be moved elsewhere, are insufficient unless the prisoner describes who is threatening him and the

3

basis for the threat. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Because Mr. Chambers does not state a claim for failure to protect, his request for injunctive relief to transfer prisons cannot go forward.

Finally, Mr. Chambers lists Miami Correctional Facility as a defendant. The Miami Correctional Facility is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He cannot proceed against the Miami Correctional Facility.

For these reasons, the court:

(1) GRANTS Jerry Chambers leave to proceed against Counselor Stoll in her individual capacity for compensatory and punitive damages for breaking two of his fingers in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES MCF;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Counselor Stoll at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Counselor Stoll to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

December 10, 2021        *s/ Damon R. Leichty*
                                        Judge, United States District Court